IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** vs. JOSHUA WAYNE REAMS, **Defendant.** | CR 14-03-H-BMM-JTJ **AMENDED FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Joshua Wayne Reams (Reams) has been accused of violating the conditions of his supervised release. Reams admitted the alleged violation. Reams's supervised release should be revoked. Reams should be placed in custody for 60 months, with no supervised release to follow. This sentence should run concurrent with the sentence that Reams received in state court for the conduct described in the supervised release violation.

## II. Status

Reams pleaded guilty to Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute a Mixture and Substance Containing Methamphetamine. (Doc. 2-4). United States District Judge J. Phil Gilbert sentenced Reams to 120 months of custody, followed by 8 years of supervised release on

January 8, 2009.  (Doc. 2-4).  Reams's current term of supervised release began on September 16, 2016.  (Doc. 31 at 2).

### Petition

The United States Probation Office filed a Petition on December 5, 2018, requesting that the Court revoke Reams's supervised release.  (Doc. 31).  The Petition alleged that Reams had violated the conditions of his supervised release by committing another crime.

### Initial appearance

Reams appeared before the undersigned for his initial appearance on June 14, 2022.  Reams was represented by counsel.  Reams stated that he had read the petition and that he understood the allegations.  Reams waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on June 14, 2022.  Reams admitted that he had violated the conditions of his supervised release by committing another crime.  The violation is serious and warrants revocation of Reams's supervised release.

Reams's violation is a Grade A violation.  Reams's criminal history

category is VI . Reams's underlying offense is a Class A felony. Reams could be incarcerated for up to 58 months. Reams could be ordered to remain on supervised release for up to 94 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 51 to 63 months.

## III.  Analysis

Reams's supervised release should be revoked. Reams should be incarcerated for 60 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary. This sentence should run concurrent with the sentence that Reams received in state court for the conduct described in the supervised release violation.

## IV.  Conclusion

The Court informed Reams that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Reams of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Reams that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Joshua Wayne Reams violated the conditions of his supervised release by committing another crime.

The Court **RECOMMENDS:**

That the District Court revoke Reams's supervised release and commit Reams to the custody of the United States Bureau of Prisons for 60 months, with no supervised release to follow. This sentence should run concurrent with the sentence that Reams received in state court for the conduct described in the supervised release violation.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 6th day of July, 2022.

/s/ John Johnston
John Johnston
United States Magistrate Judge